[S. F. No. 14745. In Bank.—July 31, 1933.]

In the Matter of the Estate of JOHN HINKEL, Deceased. ADA M. HINKEL, Appellant, v. AMERICAN TRUST COMPANY et al., Respondents.

Chas. C. Boynton and John T. Boynton for Appellant

John L. McVey for Respondents.

SHENK, J.—This is an appeal by Ada M. Hinkel, former trustee under a testamentary trust, from a judgment in favor of American Trust Company, her successor as such trustee, and Undine H. Hinkel, the beneficiary of the trust. The court sustained objections of American Trust Company, as such successor, and of the beneficiary, to the report of the testamentary trustee, established the account of said trustee, and judgment was entered for the sum of $21,237.14 found to be due from said Ada M. Hinkel to American Trust Company as the balance remaining in the trust fund.

On May 25, 1926, John Hinkel, husband of Ada M. Hinkel, died testate. To his will was attached a codicil which provided that "in case Undine H. Hinkel's, my son's wife, shall survive me, I hereby give, bequeath and devise to my wife, Ada M. Hinkel", the sum of $30,000 in trust to be invested and re-invested by the trustee and, in accordance with the terms of a certain property settlement agreement entered into between Undine H. Hinkel and the decedent's son, Hulbert, to which the decedent was also a party, to pay to Undine H. Hinkel the sum of $200 per month out of interest and principal, if necessary, until she remarried and in any event until her younger son attained the age of twenty-one years. Upon the termination of the trust the funds remaining were payable to Ada M. Hinkel or the legatee entitled thereto under her will. Undine H. Hinkel has not remarried. Ada M. Hinkel was named the trustee, and the executrix of her husband's will. At the time of the distribution of the estate of John Hinkel, the value of the estate approximated a sum between $600,000 and $700,000.

By the terms of the decree of distribution the sum of $30,000 was ordered distributed to Ada M. Hinkel in trust to carry out the provisions of the codicil. Prior to dis-

tribution the executrix had expended the sum of $1725 as the proportion of the inheritance tax payable out of said trust property, and the sum of $2,400 to Undine H. Hinkel pursuant to the provisions of the trust. At the time of distribution there was due to the trust from the distributee the sum of $25,875.

The first and only report and account of Ada M. Hinkel as trustee was filed on January 15, 1932. By her second amended first report she admits that at the time of the distribution of the estate the decedent's estate was not possessed of cash in the sum of $30,000 and that she received no money from the estate as such trustee, but that nevertheless she, as trustee, executed a receipt to the estate for that sum. It is alleged in the report that, upon the advice of her attorney, in lieu of converting securities into cash, she selected from the estate distributed to her and set apart thirty $1,000 irrigation and reclamation district bonds which she designated as the "Undine H. Hinkel Trust". It was found by the court that said bonds could at that time have been sold for $28,500 or more and that on that date Ada M. Hinkel was willing to set apart said bonds as trust property in lieu of the sum of $25,875. The report accounts for interest received from said bonds and for payments of $200 per month made to Undine H. Hinkel to February, 1932. The report further shows that in November, 1930, five of said bonds were sold for $1600; that in December, 1930, ten were sold for $3,000; and that in February, 1931, ten were sold for $3,700. The cash balance on hand as of the date of the report is alleged to be $2,046.56, and possession of the remaining five bonds at a valuation of $4,112.77 is also alleged. It is stated in the report that the trustee conferred in good faith with her attorney and was acting in good faith and with the intent to serve the interests of the beneficiary; and that such breaches of trust as occurred were committed without any wrongful intent, guilty knowledge or consciousness of wrong-doing, and in reliance upon advice of counsel.

The court found that none of the bonds was set apart by Ada M. Hinkel as trustee as alleged; and that none of the bonds constituted any part of the *corpus* of the trust; that the purported transactions whereby the same were sold were individual transactions of Ada M. Hinkel and that the

moneys received from sales were converted to the use of Ada M. Hinkel, individually, and of her son, Hulbert Hinkel. The court made a finding that the allegations concerning the good faith of the trustee were immaterial. The balance of the principal sum of $25,875, after crediting the monthly payments to the beneficiary, with simple interest on the decreasing balances at the rate of seven per cent per annum, amounting in all to the sum of $21,237.14, was found to be due from Ada M. Hinkel as trustee. From the judgment entered on that finding the trustee appeals.

The main point made on the appeal is that the court should have made a finding on the issue of the good faith of the trustee. The appellant contends that, contrary to the trial court's conclusion, section 2238 of the Civil Code is applicable to the case, pursuant to which she claims complete exoneration for any breach of trust committed by her. That section provides: ''A trustee who uses or disposes of the trust property in any manner not authorized by the trust, but in good faith, and with intent to serve the interests of the beneficiary, is liable only to make good whatever is lost to the beneficiary by his error.''

The theory of the appellant is that the violation, which is assumed by the argument to be the setting apart of the bonds in lieu of converting property into cash, and investing and re-investing as authorized by the trust provisions, was a mistake committed in good faith, on the advice of the counsel who had previously advised and acted for the testator and drawn the will—although not the counsel now representing the appellant; and that such setting apart was made with the intent to serve the interests of the beneficiary and did in truth benefit the trust which gained by the difference between the sum of $25,875 then due from the estate and the sum of $28,500 found by the court to be the value of the bonds at that time; and that inasmuch as the trust was the gainer by the excess, no loss was caused to the beneficiary by the error.

If all the facts were found as they are stated by the appellant, the point contended for by her might be resolved in her favor. (*Estate of Cousins,* 111 Cal. 441, pp. 448, 449 [44 Pac. 182].) But neither the findings nor the record supports the premise upon which the appellant relies to relieve her from her unfortunate predicament. The court

found that, although the trustee was willing at the time she executed a receipt for $30,000 as trustee, to set apart the designated bonds, said bonds were not in fact so set apart; that they and the proceeds therefrom were converted by the trustee and her son Hulbert Hinkel to their own use, and were treated in all respects as their individually owned property. That the findings are supported by the evidence and in turn support the judgment, and that the liability of the trustee is at least that declared in the case of *Estate of Cousins, supra,* at page 445, is shown by the following briefly stated facts appearing in the record:

In March, 1922, Hulbert Hinkel, the son of the testator, and Undine H. Hinkel were husband and wife and had two minor sons. At that time Hulbert Hinkel and the testator, as first parties, executed a written agreement with Undine H. Hinkel, as second party, whereby the former agreed and guaranteed to pay to the latter the sum of $200 during her natural life, unless she remarried, and in any event until the younger son attained the age of twenty-one years. The testator further agreed, in the event he predeceased second party, that the payment of said sum monthly should be made a charge against his entire estate, except that in the event he should by his will direct the sum of $30,000 to be deposited in trust for the uses and purposes as provided in the codicil to his will, it was agreed among the parties that he and his estate should be discharged from any further liability.

In 1926, when John Hinkel died, Ada M. Hinkel was seventy-one years of age. The son Hulbert lived with his mother. He acted as her agent in all her business affairs, including the matter of the trust here involved. At no time was a separate account kept of any of the proceeds of the bonds claimed to have been set apart for the trust, and at no time was any account kept, either as a bank account or in any other manner, purporting to be an account of the trust funds. Hulbert testified that the bonds designated herein as having been sold were sold through his own individual account, and that the proceeds from the sales were deposited partly to his own and partly in his mother's individual account. Other investments and re-investments were made with these proceeds and no separate or any account thereof was given or kept. The admissions and

undisputed testimony of the conduct on the part of the trustee and her son fully support the conclusion that the entire matter was considered by them as a family affair, with no duty devolving upon the trustee or her son except to make the payment of $200 monthly to Undine H. Hinkel. Under such a state of facts, viz., where trust funds have never been set apart but have been wilfully and unnecessarily commingled with and used as the trustee's own property, the liability of the trustee is settled and is at least the liability imposed by the court's decree herein. (Secs. 2236, 2237, Civ. Code; *Estate of Cousins, supra,* p. 445; 26 R. C. L., pp. 1322, 1323, sec. 184; 39 Cyc., pp. 424-430.)

█ Pursuant to the facts and the findings herein, the application of the provisions of section 2238 may affect only the rate of interest with which the trustee is chargeable (*Estate of Cousins, supra;* 39 Cyc., p. 428 et seq., sec. 5), which in this case the court found was simple interest at seven per cent per annum on the decreasing balances. The court, therefore, in effect did apply the provisions of said section in so far as the same are applicable to the facts presented.

The judgment is affirmed.

Thompson, J., Seawell, J., Langdon, J., Waste, C. J., Curtis, J., and Preston, J., concurred.